FILED

NOT FOR PUBLICATION

NOV 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: REYNALDO F. MARQUES,<br><br>Debtor.<br><br>───────────────────────────<br><br>REYNALDO F. MARQUES,<br><br>Appellant,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A., putative assignee of FDIC as Receiver for Washington Mutual Bank its assignees and or successors in interest; et al.,<br><br>Appellees. | No. 14-56692<br><br>D.C. No. 8:14-cv-00615-JFW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 25, 2016 [**]

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Reynaldo F. Marques appeals pro se from the district court's orders affirming the bankruptcy court's orders dismissing Marques' adversary proceeding without leave to amend and denying Marques' motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly dismissed Marques' adversary proceeding because Marques lacks standing to pursue claims that are property of the bankruptcy estate. *See Canatella v. Towers (In re Alcala)*, 918 F.2d 99, 102 (9th Cir. 1990) (causes of action which accrued before a Chapter 7 petition is filed are part of the bankruptcy estate vested in the trustee); *see also* 11 U.S.C. § 554(d) ("[P]roperty of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); *Estate of Spirtos v. One San Bernardino Cty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) (bankruptcy code endows bankruptcy trustee with exclusive right to sue on behalf of estate).

The bankruptcy court did not abuse its discretion in denying Marques leave

to amend his complaint because his lack of standing could not be cured by amendment. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) ("[T]he court need not extend the general rule that parties are allowed to amend their pleadings if amendment would be an exercise in futility" (citations and internal quotation marks omitted)).

The bankruptcy court did not abuse its discretion in denying Marques' motion under Rule 59(e) because Marques failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9023 (making Fed. R. Civ. P. 59 applicable to bankruptcy cases); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (discussing factors for granting a motion for reconsideration under Fed. R. Civ. P. 59(e)).

Marques' contentions that the bankruptcy court exhibited bias and violated due process are unpersuasive because his allegations stem entirely from the bankruptcy judge's adverse rulings. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias").

We do not consider arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.